# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2243

_____

United States of America

*Plaintiff - Appellee*

v.

Sean Michael Dale Sutton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Western

_____

Submitted: June 8, 2026
Filed: July 8, 2026
[Unpublished]

_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

_____

PER CURIAM.

Sean Sutton pleaded guilty to conspiracy to distribute at least forty grams of a mixture and substance containing fentanyl resulting in serious bodily injury. *See* 21 U.S.C. §§ 841(b)(1)(B), 846. He was subject to a mandatory minimum sentence of twenty years' imprisonment. *See* § 841(b)(1)(B) ("[I]f death or serious bodily injury results from the use of such substance [the term of imprisonment] shall be not

less than 20 years . . . ."). The district court[1] sentenced Sutton to the mandatory minimum, noting that if it "had an opportunity to sentence him to less," it "would have." Sutton appeals, arguing that, given his background and the facts of his offense, the mandatory minimum sentence constitutes cruel and unusual punishment and thus violates the Eighth Amendment. We affirm.

We review an Eighth Amendment challenge to a sentence *de novo*. *United States v. Wiest*, 596 F.3d 906, 911 (8th Cir. 2010). "The Eighth Amendment, which forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to noncapital sentences." *Ewing v. California*, 538 U.S. 11, 20 (2003) (citation modified). Thus, the "Eighth Amendment does not require strict proportionality between crime and sentence" and "forbids only extreme sentences that are grossly disproportionate to the crime." *Wiest*, 596 F.3d at 911. "We have held that mandatory minimum penalties for drug offenses do not violate the Eighth Amendment's prohibition of cruel and unusual punishments." *United States v. Collins,* 340 F.3d 672, 679 (8th Cir. 2003). And we have "never held that a sentence within the statutory range violates the Eighth Amendment." *United States v. Neadeau*, 639 F.3d 453, 456 (8th Cir. 2011).

Sutton argues that his sentence was grossly disproportionate to the offense conduct, contending that he was an addict who served as a "middleman," not a "drug kingpin[]" and that he had no history of violent crime but only a single prior conviction for possession of fentanyl. Setting aside whether this is a fair characterization of his criminal history—the Government points out that Sutton has three prior convictions for drug-possession offenses, two related to methamphetamine and one to fentanyl—Sutton nonetheless fails to explain why these facts would meaningfully distinguish his case from our clear precedent. *See, e.g., United States v. Baker*, 415 F.3d 880, 881-82 (8th Cir. 2005) (upholding twenty-year sentence for conspiracy to distribute over fifty grams of cocaine base when

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

-2-

defendant had prior felony drug conviction); *Neadeau*, 639 F.3d at 455-56 (upholding twenty-year sentence for conspiracy to distribute at least 50 grams of crack cocaine and 500 grams of powder cocaine when defendant had prior felony drug conviction); *United States v. Prior*, 107 F.3d 654, 660 (8th Cir. 1997) (rejecting defendant's argument that "because he is an addict, he is not as deserving of a life sentence as so-called drug kingpins" and that his sentence thus violated the Eighth Amendment).

Accordingly, we affirm.

_____